Edward Greenberg, Esq. (ECG 5553)
EDWARD C. GREENBERG, P.C.
570 Lexington Avenue, 17th Floor
New York, NY 10022
(212) 697-8777

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

NICK BRANDT,

                           Plaintiff,

             - against -

ZARA USA, INC. and INDUSTRIA DE DISEÑO
TEXTIL, S.A. A/K/A INDITEX and ZARA
INTERNATIONAL INC.

                           Defendants.

-----------------------------------------------------------x

10 cv 4785 (CM)

**COMPLAINT**

JURY TRIAL
DEMANDED

ECF CASE

Plaintiff, **NICK BRANDT** by his attorneys, **EDWARD C. GREENBERG, P.C.**, alleges

as follows:

**PARTIES**

1. At all times hereinafter mentioned, NICK BRANDT (hereinafter "BRANDT" or

"plaintiff"), was, and still is, a highly regarded fine art photographer.

2. Plaintiff is a resident of California. He regularly does business in the State of New

York and in this District as set forth at greater length hereinbelow.

3. Defendant ZARA USA, INC. (hereinafter "ZARA" or "defendant") is a New York

corporation maintaining its principle place of business at 645 Madison Avenue, New York, New

York 10022 and is licensed to do business in the State of New York. Upon information and

belief, ZARA is a subsidiary of INDUSTRIA DE DISEÑO TEXTIL, S.A., which upon information and belief is also known as "INDITEX".

4. Defendant ZARA owns and/or operates at least forty-nine (49) retail stores in fourteen (14) states including New York and territories in the United States.

5. Defendant INDUSTRIA DE DISEÑO TEXTIL, S.A., also known as INDITEX is a foreign corporation and, upon information and belief, a Spanish corporation registered at the Commercial Registry of A Coruña maintaining its principle place of business at Edificio Inditex, Avenida de la Diputación s/n, 15142 Arteixo, A Coruña, España, and is licensed to do business in the State of New York.

6. Defendant INDUSTRIA DE DISEÑO TEXTIL, S.A. (hereinafter "INDITEX") is, upon information and belief, a holding and/or parent company and/or inextricably intertwined with ZARA.

7. Defendant ZARA INTERNATIONAL INC. (hereinafter "ZARA INTERNATIONAL") is, upon information and belief a New York corporation, which according to the public record, maintains its principle place of business at Zara USA, Inc. 645 Madison Avenue, 6th Floor, New York, New York 10022.

8. Upon information and belief, ZARA INTERNATIONAL INC. is an alternative name for ZARA USA, Inc. and/or INDITEX and/or is inextricably intertwined with ZARA and/or INDITEX.

9. That defendants, or one or more of them, own and operate stores in the United States and at least seventy-three (73) foreign countries. Defendants, or one or more of them, advertise, promote, design, manufacture, distribute, and sell clothing at the retail level.

## JURISDICTION AND VENUE

10. This is a civil action for copyright infringement.

11. Jurisdiction is conferred upon this Court by 28 U.S.C.§ 1338.

12. Venue in the Southern District of New York is proper pursuant to 28 U.S.C. § 1400.

## FACTS COMMON TO ALL CLAIMS

13. Plaintiff NICK BRANDT is a noted fine art photographer with an international reputation. Individual prints of his photographic works sell in galleries and at retail for sums ranging from $10,000 – upwards of $65,000 per print in the State of New York and elsewhere.

14. Agents for plaintiff's work include: Staley-Wise (New York); Fahey Klein (California); Debra Heimerdinger (North Carolina); and Photoeye (New Mexico). All agents which represent Brandt's work are considered "top tier" or elite agents dealing in art works of significant value.

15. Plaintiff is considered a preeminent wild life photographer. His work has been featured at Source Photographica, Melbourne; Bernheimer Fine Arts, Munich; Camerawork Gallery, Berlin; Young Gallery, Brussels; A Galerie, Paris; Staley-Wise Gallery, New York; Photo-Eye Gallery, Santa Fe; Atlas Gallery, London; Fahey/Klein Gallery, Los Angeles; Gilman Contemporary, Sun Valley; Galerie Wouter Van Leeuwen, Amsterdam; Sandra Byron Gallery, Sydney; Stephen Cohen Gallery, Los Angeles; Fong/Heimerdinger Gallery, San Francisco; Galerie 206, Berlin; and Camerawork Gallery, Hamburg.

16. Retail print sales of *just the two images* which are the subject of this copyright infringement action, exceed $565,000.

17. Plaintiff has authored two books: On This Earth: Photographs from East Africa, published by Chronicle Books LLC in 2005, with an introduction written by famed Ethologist Jane Goodall; and A Shadow Falls, published by Abrams Books in 2009. Each work is an

oversized "coffee table" book, featuring plaintiff's photographs, exclusively

18. Plaintiff restricts his photography to fine art use, only. None of his images are licensed nor available for licensing for any advertising, commercial, or promotional purpose nor may be used in connection with the sale, advertisement or promotion of any product or service. Such policy is and has been in effect as it *inter alia,* preserves the market value of plaintiff's prints in the fine art market, as well as the artistic integrity of said works.

19. That the images which are the subject of this action (annexed hereto as Exhibits "A" and "B" respectively) were published by Chronicle Books LLC in 2005 in On This Earth: Photographs from East Africa and Abrams Books in 2009 in A Shadow Falls. The former book, which includes the photograph annexed hereto as Exhibit "A", has sold out of inventory with approximately 23,000 copies to date (and additional orders on hold awaiting more inventory); while the latter book, which includes the photograph annexed hereto as Exhibit "B", has sold approximately 60,000 copies to date. (A copy of the cover and inner jacket of each book with the ISBN number included is attached hereto as Exhibit "C" and "D", respectively). Said sales figures for books of this type are considered extraordinary.

20. That the images, which are the subject of the litigation, are entitled "Lioness Looking Over Plains" (Exhibit "A") and "Elephants Walking Through Grass" (Exhibit "B") (collectively referred to hereinafter as the "Images"). "Lioness Looking Over Plains" features a lioness facing away from the camera overlooking the plains of Africa, and is located on page 13 of On This Earth. "Elephants Walking Through Grass" features a line of elephants walking towards the camera through the plains, and is located on pages 36 and 37 of A Shadow Falls.

21. That the plaintiff duly registered The Images and the other images within On This Earth: Photographs from East Africa with the United States Copyright Office on October 14, 2005, registration number VA0001352497 / 2005-10-14, and A Shadow Falls on March 11,

2010, registration number TX0007140776 / 2010-03-11 (Copyright registrations attached hereto as Exhibit "E" and "F", respectively).

22. That neither Image has *ever been* licensed for commercial use, nor would do so even if such permission were sought. Plaintiff, as copyright holder, has elected *not* to license either image for any commercial use.

23. That *single prints* of "Elephants Walking Through Grass" have sold for $42,000, and that *single prints* of "Lioness Looking Over Plains" have sold for $11,000.

24. That ZARA and/or INDITEX currently produces a line of casual dresses which retail for $39.90 (US) each throughout the United States, including New York, and around the world in foreign countries including but upon information and belief in no way limited to Spain. A copy of a photograph of the dress bearing the image "Elephants Walking Through Grass" being offered for sale in Madrid, Spain is annexed hereto as Exhibit "G".

25. That goods/garments manufactured and/or sold by Defendants, one or more of them, incorporating Plaintiff's registered images were distributed and sold in this District, this County, and other countries as set forth in greater detail hereinbelow. Annexed hereto as Exhibit "H" are copies of the receipt and tags for both garments composed of Plaintiff's Images that were purchased at Zara USA on April 27, 2010 at 750 Lexington Avenue, New York, New York 10022, County of New York.

26. That the two dresses bearing the Images were offered for sale, distribution, and/or promoted on the Internet via the ZARA website, accessible from the State of New York and elsewhere, http://www.zara.com/# (See copies of the page screen captures of the http://www.zara.com/# website advertising both dresses annexed hereto as Exhibit "I").

27. That the defendants, or one or more of them, without the knowledge, consent or license of the plaintiff, employed both of the subject Images via incorporation of each image into

dresses in such manner as to make each image the sole print or design of the offending garments. (See copies of the offending uses attached hereto as Exhibit "I").

28. That, upon information and belief, the Defendants, or one or more of them had procured the Images and employed same in at least its manufacturing process, said activities culminating in the offending goods being offered for sale to the general public in April 2010.

29. That defendants or one or more of them brazenly scanned, copied and or otherwise appropriated the well known images created by plaintiff onto the fabric of the offending garments. The exact process used by defendants or one or more of them in such appropriation is yet to be ascertained but gives the appearance of being silk screened and/or imprinted and/or transferred. Notwithstanding the exact process employed by defendants or one or more of them, the effect is that plaintiff's images are intrinsic and an inseparable part of the fabric and the garment itself.

30. That upon information and belief, Defendants, one or more of them, decided to design, manufacture, distribute, and sell the garments with the Images *because* of Plaintiff's images. That these products would not have existed but for these images. That the Defendants, one or more of them, traded upon the notoriety, quality, and popularity of the Images.

31. That the Images are the only images used on the offending garments, that each Image comprises the entirety of the front of the garment, and that the image is used in such a manner that the image and garment are one and virtually the same.

32. That defendant(s)' use of the Images has the effect of undercutting the value of the Images in the active fine art market and creates the risk of alienating the plaintiff's fine art customer base and devaluing the images. The defendant(s)' use also has the effect of devaluing *all* of plaintiff's fine art work.

33. At no time did the plaintiff nor any agent of plaintiff's convey, deliver or transmit the

Images or either of them to defendants, or one or more of them.

34. At no time did plaintiff consent, authorize or grant a license to defendants, or one or more of them, to any offer for licensing of either of both of the Images for any reason or purpose whatsoever.

35. At no time did defendants, or one or more of them, seek to acquire from plaintiff or from any of plaintiff's authorized agents, any license or right to appropriate, license, display or otherwise conduct any transactions relating to or concerning either or both of the Images.  That had the defendants, or one or more of them, sought a license, permission or grant of rights to display either or both of the Images plaintiff *would not have issued same.*

36. That the use of the Images in connection with sale of the subject dresses/garments constitutes a violation of plaintiff's copyrights.

37. Plaintiff, by counsel, issued and delivered correspondence dated April 29, 2010, to defendants.  That said notice letter, a copy of which is annexed hereto as Exhibit "J", advised defendants, or one of more of them, pursuant to Federal Rule 11, that *inter alia*, they were in violation of plaintiff's copyright through the use of the Images, they should provide any information that might rebut the plaintiff's presumption that the Images had been unlawfully appropriated, and they should provide copies of any exculpatory evidence upon which they would rely for the proposition that their use of the Images was authorized.

38. That, by letter dated May 6, 2010, counsel for ZARA, GLENN A. GUNDERSEN, ESQ. of Dechert LLP, represented *inter alia,* that ZARA "has removed these dresses from its retail stores and has no intention of stocking or selling any additional inventory of these items in the future."

39. That, additionally, ZARA and INTIDEX have each failed to comply with nearly any of the requests set forth in Exhibit "J" (plaintiff's demand letter) rendering it impossible for

plaintiff to make a good faith assessment of the nature and extent of damages that have been caused nor ascertain the full nature and extent of the infringements worldwide.

40. That, to date, neither Defendants nor their counsel have satisfactorily complied with all of the requests set forth in Exhibit "J", which address the nature, extent of the dispersion of offending products, and the term or terms of said use by the Defendants and/or in the marketplace.

41. Pursuant to Rule 11, plaintiff's counsel sent a second letter via e mail, dated May 6, 2010, a copy of which is annexed hereto as Exhibit "K".

42. Plaintiff, by counsel in Exhibits "J" and "K" requested an accounting of the full nature and extent of the offending uses and media. That to date, neither defendants have supplied any such information although duly demanded on at least two occasions in writing. That said information is within the sole knowledge, custody, possession and control of the defendants or one or more of them.

43. That on May 24, 2010, plaintiff's counsel sent via International Express Mail a copy of plaintiff's demand letter (Exhibit "J") to INDITEX, along with a then existing draft of plaintiff's complaint and exhibits, the cover letter of which is annexed hereto as Exhibit "L".

44. That on June 2, 2010, Plaintiff's counsel received a letter via fax and email dated June 1, 2010 by CHRIS COOKE of Santiago Mediano Abogados, counsel for INDITEX, who represented *inter alia*, that his client needed until June 8, 2010 to respond to Plaintiff's requests. Plaintiff's counsel responded via email to their letter on June 2, 2010, granting them more time to respond.

45. That on June 9, 2010, Plaintiff's counsel received another letter via fax and email from counsel for INDITEX, which failed to address many of the requests as set forth in our correspondence to them (See Exhibit "J"). That on June 10, 2010, Plaintiff's counsel responded

*inter alia*, reiterating our requests for information necessary for a nonjudicial resolution.

46. That Plaintiff's counsel reached out to counsel for INDITEX yet again on June 14, 2010, having not received a response to our June 10, 2010 correspondence to them. That in our June 14, 2010 email to them, Plaintiff's counsel reiterated that they still had not received a simple representation that distribution and sales of the garments had ceased world wide.

47. That on June 15, 2010, counsel for INDITEX represented *inter alia,* that they in fact represent "INDITEX *and* ZARA worldwide [emphasis added]" (inclusive of ZARA USA, Inc.), and again requested *more* time to respond to Plaintiff's simple requests. That on June 15, 2010, Plaintiff's counsel yet *again* granted defendants *even more time* to respond to our requests.

48. That counsel for ZARA and INDITEX have each represented in writing that all sales of the garments composed of Plaintiff's Images have ceased.

49. That, to date, Plaintiff has not received sufficient information as to the full nature and extent of the offending uses worldwide, nor *inter alia*, the date or dates upon which sales purportedly ceased nor upon what locations. That, pursuant to Federal Rule 11, we have attempted nonjudicial resolutions without success.

50. That the images were created and authored by plaintiff is open, notorious of public record and beyond dispute. That defendants, one or more of them, have no defense available to them which would satisfy the requirements of Federal Rule 11.

51. That no defendant named herein has any defense recognizable at law to any of the allegations alleged herein. That no unauthorized use complained of herein qualifies as an exception or exclusion under Title 17.

52. Paragraphs 1 through 51 are incorporated by reference with respect to each of the below counts or claims for relief.

## COUNT 1 AGAINST ALL DEFENDANTS
### Copyright Infringement

53. That the use of the Plaintiff's Image, "Lioness Looking Over Plains" (Exhibit "A"), by the defendants, or one or more of them, in connection with the production, manufacture, distribution, promotion, advertising, and sale of its garments was and is without the plaintiff's authorization, license or consent.

54. The aforementioned acts of the defendants, or one or more of them, constitute federal statutory copyright infringement under Section 501 of the Copyright Act in violation of the rights granted to BRANDT as copyright holder.

55. Defendant(s)' use of the subject image was willful, intentional and in bad faith.

56. That defendants, or one or more of them, through the exercise of ordinary business care and/or the examination of public records, knew or should have known that the plaintiff held the copyrights in the Images and had not sold, transferred or assigned same to any third party.

57. As a result of defendant(s)' acts, plaintiff has been and will continue to be damaged in an amount as yet undetermined. Indeed, notwithstanding, opposing counsel's letter referenced hereinabove (Exhibit "J"), the date(s) or term of use is as yet unknown, such information being within the sole custody, possession, and control of the defendant(s).

58. Plaintiff is further entitled to damages, attorneys' fees and costs under Section 504 and 505 of the Copyright Act, 17 U.S.C. Section 101 et., seq., given the willful, intentional, malicious and bad faith nature of Defendant(s)' copyright infringement.

## COUNT 2 AGAINST ALL DEFENDANTS
### Copyright Infringement

59. That the use of Plaintiff's Image, entitled "Elephants Walking Through Grass" (Exhibit "B"), by the defendants, or one or more of them, in connection with the production,

manufacture, distribution, promotion, advertising, and sale of its garments was and is without the plaintiff's authorization, license or consent.

60. The aforementioned acts of the defendants, or one or more of them, constitute federal statutory copyright infringement under Section 501 of the Copyright Act in violation of the rights granted to BRANDT as copyright holder.

61. Defendant(s)' use of the subject images was willful, intentional and in bad faith.

62. That defendants, or one or more of them, through the exercise of ordinary business care and/or the examination of public records, knew or should have known that the plaintiff held the copyrights in the Images and had not sold, transferred or assigned same to any third party.

63. As a result of defendant(s)' acts, plaintiff has been and will continue to be damaged in an amount as yet undetermined. Indeed, notwithstanding, opposing counsel's letter referenced hereinabove (Exhibit "J"), the date(s) or term of use is as yet unknown, such information being within the sole custody, possession, and control of the defendant(s).

64. Plaintiff is further entitled to damages, attorneys' fees and costs under Section 504 and 505 of the Copyright Act, 17 U.S.C. Section 101 et., seq., given the willful, intentional, malicious and bad faith nature of Defendant(s)' copyright infringement.

## COUNT 3 AGAINST ALL DEFENDANTS
### Copyright Infringement

65. That the use of the Plaintiff's Image, entitled "Lioness Looking Over Plains" (Exhibit "A"), by the defendants, or one or more of them, in relation to the production, manufacture, distribution, promotion, advertising, and sale of its garments was without the plaintiff's authorization, license or consent.

66. That the use of the Image constitutes an infringement of the plaintiff's copyrights.

67. The aforementioned acts of the defendants, or one or more of them, constitute federal

statutory copyright infringement under Section 501 of the Copyright Act in violation of the exclusive rights granted BRANDT as copyright holder.

68. That defendants, or one or more of them, through the exercise of ordinary business care and/or the examination of public records, knew or should have known that the plaintiff held the copyrights in the Images and had not sold, transferred or assigned same to any third party.

69. Defendant(s)' use of the Images in violation of plaintiff's copyrights was negligent.

70. As a result of defendant(s)' acts, plaintiff has been and will continue to be damaged in an amount as yet undetermined.

71. Plaintiff is further entitled to damages, attorneys' fees and costs under Section 504 and 505 of the Copyright Act, 17 U.S.C. Section 101 et., seq., given the willful, intentional, malicious and bad faith nature of defendant(s)' copyright infringement.

## COUNT 4 AGAINST ALL DEFENDANTS
### Copyright Infringement

72. That the use of Plaintiff's Image, entitled "Elephants Walking Through Grass" (Exhibit "B"), by the defendants, or one or more of them, in relation to the production, manufacture, distribution, promotion, advertising, and sale of its garments was without the plaintiff's authorization, license or consent.

73. That the use of the Image constitutes an infringement of the plaintiff's copyrights.

74. The aforementioned acts of the defendants, or one or more of them, constitute federal statutory copyright infringement under Section 501 of the Copyright Act in violation of the exclusive rights granted BRANDT as copyright holder.

75. That defendants, or one or more of them, through the exercise of ordinary business care and/or the examination of public records, knew or should have known that the plaintiff held the copyrights in the Images and had not sold, transferred or assigned same to any third party.

76. Defendant(s)' use of the Images in violation of plaintiff's copyrights was negligent.

77. As a result of defendant(s)' acts, plaintiff has been and will continue to be damaged in an amount as yet undetermined.

78. Plaintiff is further entitled to damages, attorneys' fees and costs under Section 504 and 505 of the Copyright Act, 17 U.S.C. Section 101 et., seq., given the willful, intentional, malicious and bad faith nature of defendant(s)' copyright infringement.

## <u>COUNT 5 AGAINST ALL DEFENDANTS</u>
<u>Accounting</u>

79. Plaintiff requests a full accounting of the full nature and extent of the offending uses of each of plaintiff's images setting forth *inter alia*, the following requests as set forth in plaintiff's demand letter (Exhibit "J"):

A)    The full nature and extent of the use of our client's images inclusive of the commencement of the term of such use(s), geographic dispersion, the number of outlets, retailers and vendors where the subject images were displayed and/or offered for sale and the term(s) of such use;

B)    Representative copies in any and all tangible form and media in which our client's images were incorporated or employed;

C)    The term and nature of each and every product offered for sale bearing the subject images and/or any reasonable facsimile thereof;

D)    The nature and extent of any prospective license(s) you may be seeking which will provide adequate time to remove the offending images from the market place obviating plaintiff's need to seek judicial intervention for the purposes of obtaining an injunction prohibiting all sales and use of items incorporating his images;

E)    The source of the imagery and the identities of the persons or companies preparing, manufacturing and/or supplying same. Such information should include back up documentation for the goods purportedly manufactured in both Spain and Morocco;

F)    Copies of any documents in any format upon which you intend to rely for the proposition that Mr. BRANDT had knowledge of and/or

agreed to have his images associated with and/or incorporated into the fabric of ZARA products inclusive of any e mails or documents of any kind by and between ZARA (and/or those acting on its behalf) and BRANDT (and/or those acting on his behalf);

G)  Copies of written agreements with all advertising agencies, clothing design, and/or clothing production companies, whether independent or "in house" referencing the creation, reproduction, product shipment logs or manifests and/or media buys regarding the offending use(s) of our client's images;

H)  The identity of and copies of all licensing agreements with any photographer, illustrator, graphic or fashion designer who purportedly created the photographic image(s) employed on the subject garments;

I)  Copies of any copyright registrations filed with any government or agency in the United States and/or elsewhere referencing, relating or including the garments and/or the imagery complained of herein;

J)  Records reflecting sales at any/all merchandising levels of products incorporating the subject images in, on, affixed or attached to such products or in promotional and advertising on behalf of such products;

K)  Documents reflecting the gross sales figures and profits realized from sales of the subject infringing goods;

L)  An accounting of the number and nature of offending goods (inclusive of current location) which have yet to enter the stream of commerce.

## COUNT 6 AGAINST ALL DEFENDANTS
### Permanent Injunction

79.  That plaintiff is entitled to an injunction permanently prohibiting:

a.  the defendants, one or more of them, from employing and utilizing in any manner or media or any purpose whatsoever, the offending images;

b.  all future uses of the images by the defendants, one or more of them, including but not limited to in conjunction with the production, promotion, and sale of garments.

## JURY DEMAND

80.  Plaintiff requests a trial by jury of all issues.


**WHEREFORE**, plaintiff demands judgment as against the defendants, one or more of them, as follows:


**ON  THE FIRST COUNT-** (A) Award to plaintiff his actual damages incurred as a result of defendant(s)' infringements, and all profits realized as a result of their infringements, in amounts to be determined at trial, but upon information and belief believed to be in excess of $1,000,000; or (B) in the alternative, at plaintiff's election, award to plaintiff maximum statutory damages pursuant to 17 U.S.C. § 504 for each individual act of infringement and for an order enjoining defendant(s) from infringing any and all of plaintiff's copyrighted images, pursuant to 17 U.S.C. § 502 and for an award of costs and attorneys' fees pursuant to 17 U.S.C. § 505;


**ON THE SECOND COUNT-** (A) Award to plaintiff his actual damages incurred as a result of defendant(s)' infringements, and all profits realized as a result of their infringements, in amounts to be determined at trial, but upon information and belief believed to be in excess of $1,000,000; or (B) in the alternative, at plaintiff's election, award to plaintiff maximum statutory damages pursuant to 17 U.S.C. § 504 for each individual act of infringement and for an order enjoining defendants, one or more of them, from infringing any and all of plaintiff's copyrighted images, pursuant to 17 U.S.C. § 502 and for an award of costs and attorneys' fees pursuant to 17 U.S.C. § 505;

**ON THE THIRD COUNT-** (A) Award to plaintiff his actual damages incurred as a result of defendant(s)' infringements, and all profits realized as a result of their infringements, in amounts to be determined at trial, but upon information and belief believed to be in excess of $1,000,000; or (B) in the alternative, at plaintiff's election, award to plaintiff maximum statutory damages pursuant to 17 U.S.C. § 504 for each individual act of infringement and for an order enjoining defendant(s) from infringing any and all of plaintiff's copyrighted images, pursuant to 17 U.S.C. § 502 and for an award of costs and attorneys' fees pursuant to 17 U.S.C. § 505;

**ON THE FOURTH COUNT-** (A) Award to plaintiff his actual damages incurred as a result of defendant(s)' infringements, and all profits realized as a result of their infringements, in amounts to be determined at trial, but upon information and belief believed to be in excess of $1,000,000; or (B) in the alternative, at plaintiff's election, award to plaintiff maximum statutory damages pursuant to 17 U.S.C. § 504 for each individual act of infringement and for an order enjoining defendants, one or more of them, from infringing any and all of plaintiff's copyrighted images, pursuant to 17 U.S.C. § 502 and for an award of costs and attorneys' fees pursuant to 17 U.S.C. § 505;

**ON THE FIFTH COUNT** – an accounting of the full nature and extent of the offending uses and media.

**ON THE SIXTH COUNT -** an order permanently enjoining and prohibiting defendant(s), including but not limited to wholly owned subsidiaries from all future uses, sales, transfers, assignments, or licensing of the Images; and

Prejudgment interest on all sums due;

And such other and further relief as this Court may deem just and proper inclusive of any

and all relief or remedies allowable by the statutes referenced above or applicable hereinabove.

Dated: New York, New York

June 18, 2010

Yours, etc.,

EDWARD C. GREENBERG, PC. (ECG 5553)
570 Lexington Ave., 17th Floor
New York, NY 10022
(212) 697-8777
*Attorneys for Plaintiff*