**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHER DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| NICK BRANDT | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 10 CIV. 4785 |
| ZARA USA, INC., and INDUSTRIA DE DISEÑO TEXTIL S.A. A/K/A INDITEX and ZARA INTERNATIONAL, INC. | : | |
| Defendants. | : | |

**ANSWER OF DEFENDANT INDUSTRIA DE DISEÑO TEXTIL S.A.**

Defendant, INDUSTRIA DE DISEÑO TEXTIL S.A., by its attorneys, Dechert

LLP, hereby answers the numbered paragraphs of the Complaint as follows:

**PARTIES**

1.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first numbered paragraph and they are denied.

2.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second numbered paragraph and they are denied.

3.    Defendant admits that is also known as "Inditex." Defendant admits that Zara USA, Inc. is a subsidiary of Industria De Diseño Textil S.A.  Defendant admits that Zara USA, Inc. is a New York corporation, that it maintains its principal place of business at 645 Madison Avenue, New York City, NY 10022, and that it is licensed to business in the state of New York.

4.      Defendant admits that Zara USA, Inc. owns and operates 48 retail stores in 14 states and territories in the United States, including the state of New York, but denies the remaining allegations in the fourth numbered paragraph.

5.      Defendant admits that it is also known as "Inditex." Defendant admits that it is a Spanish corporation, that it is registered at the Commercial Registry of Coruña, and that it maintains its principal place of business at Edificio Inditex, Avda de la Diputacion, Arteixo á Coruña, 15142, Spain. Defendant denies the remaining allegations in the fifth numbered paragraph.

6.      Defendant admits that it is a parent company. Defendant is without knowledge or information sufficient to form a belief as to the meaning of the allegations in the sixth numbered paragraph, and they are denied. In the alternative, Defendant states that the allegations in the sixth numbered paragraph constitute conclusions of law to which no response is required, and they are denied.

7.      Defendant admits that its subsidiary Zara USA, Inc. was formally known as Zara International Inc., that its subsidiary has changed its name to Zara USA Inc., that its subsidiary is a New York corporation, and that its subsidiary maintains its principal place of business at 645 Madison Avenue, New York City, NY 10022. Defendant denies the remaining allegations in the seventh numbered paragraph.

8.      Defendant admits that its subsidiary Zara USA, Inc. was formally known as Zara International Inc., that its subsidiary has changed its name to Zara USA Inc., that its subsidiary is a New York corporation, and that its subsidiary maintains its principal place of business at 645 Madison Avenue, New York City, NY 10022. Defendant denies that Zara International Inc. is an alternative name for Inditex. Defendant is without

knowledge or information sufficient to form a belief as to the meaning of the remaining allegations in the eighth numbered paragraph, and they are denied. In the alternative, Defendant states that the remaining allegations in the eighth numbered paragraph constitute conclusions of law to which no response is required, and they are denied.

9.    Defendant admits that Zara USA Inc. owns and operates stores in the United States. Defendant denies the remaining allegations in the ninth numbered paragraph.

## JURISDICTION AND VENUE

10.    The allegations in the tenth numbered paragraph constitute conclusions of law to which no response is required, and they are denied.

11.    The allegations in the eleventh numbered paragraph constitute conclusions of law to which no response is required, and they are denied.

12.    The allegations in the twelfth numbered paragraph constitute conclusions of law to which no response is required, and they are denied.

## FACTS COMMON TO ALL CLAIMS

13.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the thirteenth numbered paragraph, and they are denied.

14.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the fourteenth numbered paragraph, and they are denied.

15.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the fifteenth numbered paragraph, and they are denied.

3

16.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the sixteenth numbered paragraph, and they are denied.

17.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the seventeenth numbered paragraph, and they are denied.

18.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the eighteenth numbered paragraph, and they are denied.  In the alternative, Defendant states that the allegations in the eighteenth numbered paragraph constitute conclusions of law to which no response is required, and they are denied.

19.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the nineteenth numbered paragraph, and they are denied.

20.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the twentieth numbered paragraph, and they are denied.

21.     Defendant admits that the document attached to the Complaint as Exhibit E appears to be a photocopy of U.S. copyright registration number VA 1-352,497 for a work titled On This Earth:  Photographs from East Africa, that the date of issuance for this registration appears to be October 14, 2005, that the document attached to the Complaint as Exhibit F appears to be a photocopy of U.S. copyright registration number TX 7-140-776 for a work titled A Shadow Falls, and that the date of issuance for this

4

registration appears to be March 11, 2010, but Defendant demands strict proof thereof. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the twenty-first numbered paragraph, and they are denied.

22.    Defendant is without knowledge or information sufficient to form a belief as to the truth or meaning of the allegations in the twenty-second numbered paragraph, and they are denied.

23.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the twenty-third numbered paragraph, and they are denied.

24.    Defendant is without knowledge or information sufficient to form a belief as to the truth or the meaning of the allegations in the twenty-fourth numbered paragraph, and they are denied.

25.    Defendant admits that the receipts and tags attached as Exhibit H to the Complaint appear to be for products that its subsidiary Zara USA Inc. sold at its retail store at 750 Lexington Avenue, New York City, NY, 10022, on April 27, 2010, but Defendant demands strict proof thereof. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the twenty-fifth numbered paragraph, and they are denied.

26.    Defendant admits that the pages attached as Exhibit I to the Complaint appear to be print-outs from the website http://www.zara.com, and admits that this website is accessible in the state of New York. Defendant is without knowledge or information sufficient to form a belief as to the meaning of the remaining allegations in the twenty-sixth numbered paragraph and they are denied.

27.    Denied.

28.    Denied.

29.    Denied.

30.    Denied.

31.    Defendant is without knowledge or information sufficient to form a belief as to meaning of the phrase "the image and garment are one and virtually the same in the thirty-first numbered paragraph, and they are denied." Defendant denies the remaining allegations in the thirty-first numbered paragraph.

32.    Denied.

33.    Denied.

34.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the thirty-fourth numbered paragraph concerning the Plaintiff, and they are denied. Defendant is without knowledge or information sufficient to form a belief as to the truth or meaning of the remaining allegations in the thirty-fourth numbered paragraph, and they are denied.

35.    Denied.

36.    The allegations in the thirty-sixth numbered paragraph constitute conclusions of law to which no response is required, and they are denied.

37.    Defendant admits that the document attached as Exhibit J to the Complaint is a copy of a letter dated April 29, 2010 from Plaintiff's counsel, Edward C. Greenberg, which was delivered to Defendant. Defendant states that the document speaks for itself, and denies the specific characterization of the content of the document in the thirty-seventh numbered paragraph.

6

38. Defendant admits that counsel for Defendant Zara USA Inc., Glenn A. Gundersen of Dechert LLP sent a letter dated May 6, 2010 to counsel for Plaintiff that stated, *inter alia*, that Zara USA "has removed these dresses from its retail stores, and has no intention of stocking or selling any additional inventory of these items in the future," but denies that the text quoted in the thirty-eighth numbered paragraph is a complete excerpt from Mr. Gundersen's letter.

39. Denied.

40. Defendant is without knowledge or information sufficient to form a belief as to the truth or meaning of the allegations in the fortieth numbered paragraph, and they are denied.

41. Defendant admits that counsel for Defendant Zara USA, Inc., Glenn A. Gundersen, sent a letter to Plaintiff's counsel dated May 6, 2010. Defendant admits that the document attached as Exhibit K to the Complaint appears to be an email dated May 6, 2010 that Plaintiff's counsel sent to Mr. Gundersen, and admits that the document attached to that email appears to be a copy of the letter that Mr. Gundersen sent to Plaintiff's counsel on May 6, 2010. Defendant admits that the email states that Plaintiff's "initial letter [was] delivered pursuant to Federal Rule 11." Defendant denies the remaining allegations in the forty-first numbered paragraph.

42. Defendant admits that the document attached as Exhibits J to the Complaint is a copy of a letter from Plaintiff's counsel addressed to Defendant Zara USA, Inc., and the document attached as Exhibit K to the Complaint is an email from Plaintiff's counsel addressed to counsel for Defendant Zara USA, Inc. Defendant states that these documents speak for themselves, and denies the specific characterization of the

content of these documents in the forty-second numbered paragraph. Defendant denies the remaining allegations in the forty-second numbered paragraph.

43.    Defendant admits that the document attached as Exhibit J to the Complaint is a copy of a letter from Plaintiff's counsel addressed to Defendant Zara USA, Inc. Defendant admits that the document attached as Exhibit L to the Complaint is a copy of a letter dated May 24, 2010 from Plaintiff's counsel, Edward C. Greenberg, which was delivered to Defendant. Defendant admits the document attached as Exhibit J to the Complaint and a draft complaint and the exhibits thereto were attached to the letter dated May 24, 2010 that Plaintiff's counsel sent to Defendant. Defendant denies the remaining allegations of the forty-third numbered paragraph.

44.    Defendant admits that counsel for Defendant, Chris Cooke of the law firm Santiago Mediano Abogados, sent a letter via facsimile and email to Plaintiff's counsel dated June 1, 2010, and Defendant admits that Plaintiff's counsel, Edward C. Greenberg, sent an email to Defendant's counsel, Chris Cooke, on June 2, 2010. Defendant denies the specific characterization of the content of these documents in the forty-fourth numbered paragraph.

45.    Defendant admits that Defendant's counsel, Chris Cooke, sent a letter via facsimile and email to Plaintiff's counsel dated June 9, 2010, but denies the specific characterization of the content of this letter in the forty-fifth numbered paragraph. Defendant admits that Plaintiff's counsel sent an email to Defendant's counsel, Chris Cooke, dated June 10, 2010, but denies the specific characterization of the content of this email in the forty-fifth numbered paragraph.

46.    Defendant admits that Plaintiff's counsel sent an email to Defendant's counsel, Chris Cooke, dated June 14, 2010, but denies the specific characterization of the content of this email in the forty-sixth numbered paragraph.

47.    Defendant admits that Defendant's counsel, Chris Cooke, sent a letter dated June 15, 2010 to Plaintiff's counsel that stated, *inter alia*, "We confirm that we represent Inditex and Zara worldwide," but denies that the text quoted in the forty-seventh numbered paragraph is a complete excerpt from Mr. Cooke's letter and denies the specific characterization of the content of this letter in the forty-seventh numbered paragraph.  Defendant admits that Plaintiff's counsel sent an email to Defendant's counsel, Chris Cooke, dated June 15, 2010, but denies the specific characterization of the content of this email in the forty-seventh numbered paragraph

48.    Defendant admits that counsel for Defendant Zara USA, Inc., Glenn A. Gundersen of Dechert LLP sent a letter dated May 6, 2010 to counsel for Plaintiff stating, *inter alia*, that Zara USA Inc. "has removed these dresses from its retail stores, and has no intention of stocking or selling any additional inventory of these items in the future." Defendant admits that counsel for Defendant, Chris Cooke, sent a letter dated June 15, 2010 to counsel for Plaintiff stating, *inter alia*, that "instructions have already been given to all shops to withdraw the garment from sale which means there will no longer be any articles on sale worldwide, save for any instances of error of which we are not aware." Defendant denies the remaining allegations in the forty-eighth numbered paragraph.

49.    Defendant is without knowledge or information sufficient to form a belief as to the truth or meaning of the allegations in the forty-ninth numbered paragraph, and they are denied.

50.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of the fiftieth numbered paragraph, and they are denied. The allegations in the second sentence of the fiftieth numbered paragraph constitute conclusions of law to which no response is required, and they are denied.

51.    Denied.

52.    Defendant's responses to Paragraphs 1 through 51 are incorporated by reference with respect to its responses to each of the counts or claims for relief set forth below.

### COUNT 1 AGAINST ALL DEFENDANTS

53.    Defendant denies that it has used the image shown in Exhibit A in connection with the production, manufacture, distribution, promotion, advertising, or sale of any garments in the United States. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the fifty-third numbered paragraph, and they are denied.

54.    Denied.

55.    Denied.

56.    Denied.

57.    Denied.

58.    Denied.

### COUNT 2 AGAINST ALL DEFENDANTS

59.    Defendant denies that it has used the image shown in Exhibit B in connection with the production, manufacture, distribution, promotion, advertising, or sale

of any garments in the United States.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the fifty-ninth numbered paragraph, and they are denied.

60.    Denied.

61.    Denied.

62.    Denied.

63.    Denied.

64.    Denied.

### COUNT 3 AGAINST ALL DEFENDANTS

65.    Defendant denies that it has used the image shown in Exhibit A in connection with the production, manufacture, distribution, promotion, advertising, or sale of any garments in the United States.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the sixty-fifth numbered paragraph, and they are denied.

66.    Denied.

67.    Denied.

68.    Denied.

69.    Denied.

70.    Denied.

71.    Denied.

### COUNT 4 AGAINST ALL DEFENDANTS

72.    Defendant denies that it has used the image shown in Exhibit B in connection with the production, manufacture, distribution, promotion, advertising, or sale

of any garments in the United States.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the seventy-second numbered paragraph, and they are denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

## COUNT 5 AGAINST ALL DEFENDANTS

79. Defendant admits that the document attached as a Exhibit J to the Complaint is a copy of a letter that Plaintiff's counsel sent to Defendant.  The document speaks for itself, and Defendant denies the specific characterization of the letter that is set forth in the seventy-ninth numbered paragraph.  Defendant admits that Plaintiff has requested an accounting, but denies the remaining allegations in the seventy- ninth numbered paragraph.

## COUNT 6 AGAINST ALL DEFENDANTS

79. Defendant notes that the Complaint contains two paragraphs numbered seventy-nine. The allegations in the seventy-ninth [sic] paragraph are denied.

## JURY DEMAND

80. Applicant admits that Plaintiff has requested a trial by jury.

12

## AFFIRMATIVE DEFENSES

The complaint fails to state a claim upon which relief may be granted.

WHEREFORE, Defendant respectfully submits that Plaintiff is not entitled to the relief requested in the Complaint, and respectfully requests that this proceeding be dismissed with prejudice.

Dated: July 29, 2010

Respectfully submitted,

Neil Steiner
DECHERT LLP
1095 Avenue of the Americas
New York, NY  10036-6797
(212) 698-3500

Of counsel:

Glenn A. Gundersen
Diane Siegel Danoff
DECHERT LLP
Cira Centre, 2929 Arch Street
Philadelphia, PA  19104
(212) 994-2183

Attorneys for Defendant
INDUSTRIA DE DISEÑO TEXTIL S.A.

13