UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------X     Index: 10-civ-4785 (CM)

NICK BRANDT,

                          Plaintiff,

                                                                              **PLAINTIFF'S FIRST REQUEST**
                                                                              **FOR PRODUCTION OF**
                                                                              **DOCUMENTS**

             -against-


ZARA USA, INC. and INDUSTRIA DE DISEÑO
TEXTIL, S.A. A/K/A INDITEX and ZARA
INTERNATIONAL INC.



                          Defendants.
-------------------------------------------------------------------------X

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, plaintiff NICK BRANDT., by his

attorneys, **Edward C. Greenberg, P.C.**, hereby requests that defendants, ZARA USA, INC. and

INDUSTRIA DE DISEÑO  TEXTIL, S.A. A/K/A INDITEX, answer the discovery requests

enumerated below and produce the documents requested below for inspection and copying at the

offices of Edward C. Greenberg, P.C., 570 Lexington Avenue, 17th Floor, New York, New York

10022, within thirty (30) days of the service date hereof.

## DEFINITIONS

1.       Unless specifically noted otherwise the terms "you," "your"  and "Defendant" refers to

the Defendants, ZARA USA, INC. and/or INDUSTRIA DE DISEÑO TEXTIL, S.A. A/K/A

INDITEX and/or ZARA INTERNATIONAL INC.

2.       "Subject Images" means either or both of the images of the Plaintiff that the Plaintiff

alleges any defendant has used without authorization in any way that implicates the claims of

plaintiff's complaints.

3.      "Defendant" "or "Defendant(s)" means "Zara USA, Inc." with respect to the responses to this Request for Production of Documents as made by Zara USA, Inc., and means "Industria de Diseno Textil, S.A." a/k/a "Inditex" with respect to the response to this Request for Production of Documents as made by Industria de Diseno Textil, S.A. a/k/a Inditex.

4.      "Subject Apparel" or "Subject Dresses" or "Subject Clothing" means the articles of clothing which are the subject of the present litigation which bear Mr. Brandt's images.

5.      "Person" includes the plural as well as the singular and means any natural person and any firm, company, corporation, association or partnership or other form of legal, business, or governmental entity of any kind whatsoever, unless the context requires otherwise.

6.      "Document" and "documents" are used in their broadest sense and mean any written, typed, printed, recorded or graphic matter of any kind, however produced or reproduced and all non-identical copies thereof, whether different because of notes made thereon or otherwise, including but not limited to, bordereaux, e-mails, faxes, letters or other correspondence, messages, telegrams, telexes, memoranda, notations, reports, analyses, summaries, charts, graphs, studies, tabulations, statements, notes, notebooks, work papers, notations, telephone toll records, invoices, books, pamphlets, brochures, press releases, diaries, minutes of meetings or conferences, transcripts of telephone conversations, transcripts of testimony, cost sheets, financial reports, accountants' work paper, opinions or reports of consultants, checks (front and back), check stubs, receipts, ledgers, purchase orders, pictures, photographs, contracts, agreements, advertisements, films, tapes, tape records, indices, microfilm, other data compilations, including computer data or the memory units containing such data from which information can be obtained or translated into usable form, drafts of any of the foregoing and all similar documents. Electronic files shall include deleted files and file fragments stored in machine-readable format on magnetic optical or other storage media including

hard drives or floppy disks in ZARA USA INC.'s or INDITEX'S computers, zip drives, external hard drives, usb keys, and the backup media used for each.

7.      "Zara Website" means www.zara.com or similar URL web addresses for defendant company(s)' website for the apparel store, "Zara".

8.      The words/phrases "relate" or "relating" or "regarding" or "with respect to" mean referring to, regarding, evidencing, containing, setting forth, constituting, establishing, comprising, reflecting, memorializing, showing, disclosing, describing, explaining, summarizing, concerning, substantiating, supporting, identifying, or pertaining to.

9.      The words "and" and "or" mean "and/or" and shall be construed conjunctively as necessary to bring within the scope of these requests all information and/or documents which might otherwise be construed to be outside of the scope of these requests.

10.      The singular shall be deemed to include the plural and vice versa as necessary to bring within the scope of these requests all information and/or documents that might otherwise be construed to be outside of the scope of these requests.

11.      The phrase "including but not limited to" means "including, without in anyway qualifying limiting or restricting the foregoing."

12.      The word "communications" means "communications of any kind whatsoever, including, without limitation, discussions, meetings or negotiations, statements, representations transmissions or conversations, face-to-face or otherwise."

13.      The word "information" means "information of any kind whatsoever."

14.      The phrase "in connection with" means "in connection with or in any way, whether directly or indirectly, relating to" the subject matter of the paragraph containing the phrase.

## GENERAL INSTRUCTIONS

10. Documents covered by this request include all documents in your possession, custody or control. Unless otherwise indicated, this request covers all documents generated or received by you through to the date of this request.

11. Each document request and any portion thereof is to be responded to separately.

12. Each document request, whether for memoranda, reports, letters, minutes or other documents of any description, requires the production of the document in its entirety, including all pages and attachments or exhibits, etc., without redaction.

13. Documents produced in response to these requests should be organized and labeled to identify the particular document request or category in the document request to which they respond.

14. Documents shall be produced in such fashion as to identify the department, branch or office in which they were located and, where applicable, the natural person in whose possession each particular document was found and the business address of each such custodian.

15. If any document covered by these requests is withheld from the production on the basis of an alleged privilege or the alleged applicability of the work product doctrine, it shall be identified on a privilege log to be served on the Plaintiff, NICK BRANDT simultaneously with the documents and shall include: (a) the document type; (b) the date the document was prepared; (c) each author, including the author's job title or position; (d) all recipients of the document, including each recipient's job title or position; (e) the alleged basis for withholding production of the document; and (f) any further information necessary to establish the alleged basis for withholding production of the document.

16. If any document responding to all or any part of any document request is not currently available, include a statement to that effect and furnish whatever document are available. Include in

your statement when such missing documents were most recently in your possession or subject to your control and what disposition was made of them and identify by name, job title, and the last known business address each person currently in possession or control of such documents. If any such documents have been destroyed, identify by name, job title and last known business address each person who directed that the documents be destroyed and the person(s) actually destroying the documents, and state the reasons the documents were destroyed.

17. Documents attached to each other should not be separated.

18. If you object to any part of any request you must state fully in writing the nature of the objection. Notwithstanding any objections you shall nonetheless comply fully with other parts of the request not objected to.

19. Each document request shall be construed independently and not with reference to any other document request for the purpose of limitation.

20. These document requests are continuing in nature and require amendment or supplementation if you or your attorneys later become aware of facts or documents, which indicate that the response previously given was incorrect or incomplete. If you do not have all of the information that you need to make a complete response to any document request, provide all documents that you do have, state that your information is incomplete, identify the information you would need to make a complete production of documents and provide a supplemental production when you obtain the information necessary to do so.

21. In answering the demands, furnish all information, which is available. If defendant is unable to answer any demand in full after exercising due diligence to secure the requested information, so state, and answer to the extent possible.

22. If you object to any demand or part thereof on the basis of any claimed privilege or protection, identify the privilege or protection claimed, as well as each statement or communication for which such privilege is claimed, and provide the following information:

a)     The date of the statement or communication;

b)     The author and all addresses and recipients of the statement or communication;

c)     The subject matter of the statement or communication;

d)     The names of all persons present during the statement or communication or to whom the statement or communication was made available;

e)     The location or custodian of documents concerning the statement or communication; and

f)     The factual basis upon which the privilege or protection is claimed.

23. Your response to each of these demands should be as responsive as is reasonably possible. If you object to a portion of a demand or otherwise refuse to respond to it (e.g. assert a privilege), you are requested to respond to the remainder.

24. These demands are continuing so as to require supplemental answers if additional information is obtained hereafter which may augment or otherwise modify the answers. Supplemental answers are to be provided immediately after receipt of such information.

## DOCUMENT REQUESTS

1.    Any and all documents that reflect the identity and location of the manufacture(s) of Subject Clothing containing the offending images.

2.    Any and all documents setting forth the date(s) of when the Subject Clothing was manufactured

3.    Any and all documents setting forth the location(s) for the manufacture of the Subject Clothing.

4.    Any and all documents setting forth the date of the manufacture of the Subject clothing.

5.    Any and all documents setting forth the destination of the Subject Apparel after its manufacture (i.e. the location of a warehouse where it was stored, the locations of stores it was then shipped to, etc.).

6.    Any and all documents describing where and when the Subject Clothing was manufactured and shipped to whom.

7.    Any and all documents, inclusive of correspondence and emails, reflecting the identity or source from which Defendant(s) initially viewed the Subject Images.

8.    Any and all documents, inclusive of correspondence and emails, reflecting the identity of the source for scanning, copying, or otherwise appropriating the Subject Images.

9.    Any and all documents setting forth the manner in which the Subject Images were first employed by defendant(s) (i.e. documents showing/containing/embodying/referencing clothing designs with the Subject Images, sketches, emails referring to such sketches, designs, or clothing design ideas, etc.).

10. Any and all documents reflecting the genesis of the design, creation, and/or manufacture of the Subject Clothing.

11. Any and all documents with communications (i.e. letters, emails) in the custody, control or possession of defendant(s), pertaining to the design or creation of the Subject Clothing.

12. Any and all documents setting forth how the Subject Clothing was designed, by whom, and/or at what location.

13. Any and all bills, statements, invoices, contracts, or agreements from or with third parties, employes, independent contractors, persons or entities that performed the design, manufacture, or distribution functions relative to the Subject Clothing.

14. Any and all documents relating to any alleged unauthorized uses of intellectual property (inclusive of claims sounding in Copyright, Trademark, or patent infringement or their substantial equivalents) (i.e. photographs, designs, drawings, paintings, etc.) by defendant company(ies), as alleged by intellectual property holders (i.e. photographers or artists other than Plaintiff), anywhere in the world, since 2000.

15. Any and all documents relating to any other claims, arbitration proceedings, mediation proceedings, litigation, or substantial equivalents against either or both of Defendant companies, pertaining to any Image(s)/Work(s) (other than Plaintiff's, for which are the subject of this current litigation) since 2000 through to the date of this document.

16. Any and all documents setting forth gross sales figures, per each store location, which are allocated to the Subject Clothing.

17. Any and all documents indicating the receipt of shipments of the Subject Apparel for each store of Defendant(s)'.

18. Any and all documents specifying the amount of items of the Subject Clothing received from each delivery to a retail store.

19. Any and all documents setting forth the date(s) each store began selling the Subject Apparel.

20. Any and all documents setting forth the date(s) the Subject Clothing was removed from each store.

21. Any and all documents setting forth sales figures for sales of the Subject Clothing made outside of the United States, inclusive of its territories.

22. Any and all documents reflecting total or the approximate total world-wide sales figures for the Subject Clothing.

23. Any and all documents reflecting the total number of units of the Subject Dresses which were manufactured but not sold (i.e pulled from stores and/or manufactured but never delivered to stores), throughout the world.

24. Any/all documents reflecting lists of all stores, throughout the world, that received the Subject Clothing.

25. Any and all communications pertaining to the removal of the Subject Apparel from stores.

26. Any/all licenses for the use of the Subject Images held by Defendant(s).

27. Copies of any and all documents relating to licenses obtained by Defendant(s) to produce and distribute the Subject Clothing.

28. Any and all emails sent or received internally or externally regarding use of the Subject Images.

29. Any and all documents reflecting communications between the parties, in any form.

30. Any and all documents, within the custody, control or possession of Defendant(s), relating to sketches, fabrics, designs, manufacture, marketing, production, and/or sale of any apparel items bearing or incorporating or in any way whatsoever employing ANY of Mr. Brandt's images (excluding the Subject Images).

31. Any and all internal documents or memos relating to the printing, removal, stocking and marketing (including posting images of the Subject Clothing on the Zara Website).

32. Any and all documents reflecting sales figures for online sales of the Subject Apparel, per country if applicable (i.e. total online sales figures of the Subject Clothing for each of the following countries: France, Deutschland, Espana, Espana-Canarias, France, Italia, Portugal, United Kingdom).

33. Any and all documents reflecting when the subject images were first posted online to the Zara Website, per country if applicable.

34. Any and all documents reflecting when the subject images were removed from the Zara Website, per country if applicable.

35. Any and all documents that Defendant(s) have provided or intend to provide to any consulting or testifying expert relating to their defense of the present action.

36. Any and all documents reflecting the names of any and/or all witnesses who will be or is likely to be produced by Defendant(s) at trial.

37. Any and all documents (including but not limited to internal memoranda, emails, or other correspondence) referencing or evidencing protocols, procedures, and standards and practices for obtaining licenses for use of of intellectual property, inclusive of graphic designs and photographs.

38. Any and all documents (including but not limited to internal memoranda, emails or other correspondence) referencing or evidencing protocols, procedures, and standards and practices for obtaining licenses for use of copyrighted materials.

39. Any and all documents (including but not limited to internal memoranda, emails or other correspondence) setting forth Defendant's procedures, rules, or steps to be taken (i.e. to go through in house legal counsel or outside counsel prior to the dissemination of such materials to third parties and/or prior to the sale of such materials) in order to obtain licenses for intellectual property materials which are owned or copyrighted by third parties (i.e. graphic designs or photographs)

40. Any and all documents, memoranda, e mails and correspondence indicating that the Subject Images and/or Subject Clothing were examined, reviewed and/or approved for dissemination by legal counsel.

Dated: New York, New York
　　　　September 30, 2010

　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　EDWARD C. GREENBERG, P.C.

　　　　　　　　　　　　　　　　By:

　　　　　　　　　　　　　　　　Edward C. Greenberg
　　　　　　　　　　　　　　　　570 Lexington Ave., 17th Floor
　　　　　　　　　　　　　　　　New York, New York 10022
　　　　　　　　　　　　　　　　(212)697-8777
　　　　　　　　　　　　　　　　*Attorney for Plaintiff*

To:　Neil A. Steiner
　　　*Attorney for Defendant*
　　　Dechert LLP
　　　1095 Avenue of the Americas
　　　New York, NY 10036-6797